IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

UNITED STATES OF AMERICA,     *

     *Plaintiff*         *

     v.          *    Case No. 1:16-cr-469 FJM

MARTIN HALL,     *

     *Defendant*     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER**

The Honorable Colleen Cavanaugh, Associate Judge, Circuit Court for Baltimore County, through undersigned counsel, moves pursuant to Federal Rules of Criminal Procedure 17 and 47, to quash the subpoena commanding her attendance and testimony at a hearing scheduled for August 30, 2017, and for a protective order prohibiting such testimony.   In support of this motion, Judge Cavanaugh states:

1.    Judge Cavanaugh is an Associate Judge serving on the Circuit Court for Baltimore County.   The Circuit Court is the "highest common-law and equity court[] of record exercising original jurisdiction" in Maryland.   Md. Code Ann., Cts. & Jud. Proc § 1-501.   A circuit court judge may issue a search warrant "whenever it is made to appear to the judge, by application. . . that there is probable cause to believe that: (i) a misdemeanor or felony is being committed by a person or in a building, apartment, premises, place, or thing within the territorial jurisdiction of the judge; or (ii) property subject to seizure under

the criminal laws of the State is on the person or in or on the building, apartment, premises, place or thing."   Md. Code Ann., Crim Proc. § 1-203(a)(1).

2.      On September 1, 2016, Judge Cavanaugh was presented with a 22-page application and affidavit for a search and seizure warrant.   *See* Exhibit 1 – Application and Affidavit for Search and Seizure Warrant.   She reviewed the application and affidavit and issued the search and seizure warrant.

3.      On Thursday August 24, 2017, at approximately 1:45 p.m., Judge Cavanaugh was served at the Baltimore County courthouse with a subpoena commanding that she appear and testify the following Wednesday, August 30, 2017, in the above-captioned matter.   *See* Attached Exhibit 2 - Subpoena.   Despite the fact that the hearing has been scheduled since at least July 31, 2017, no effort was made to give Judge Cavanaugh advance notice of the hearing.   *See* Court Docket Report.   Judge Cavanaugh was provided with six calendar days (three work days) in which to respond to the subpoena and arrange her schedule.

4.      This subpoena improperly seeks to compel the attendance and testimony of a judicial officer concerning the execution of her judicial functions and deliberative and evaluative process.   The party requesting the subpoena, Martin Hall, has represented in his motion to suppress that he "expects to introduce evidence at [the suppression] hearing that will establish the magistrate's unfamiliarity with *Freenet* and relevant concepts of computer science."   (ECF No. 44, at 17.)   Defendant appears to posit that absent a

2

substantive knowledge of computer science "the issuing magistrate could not have functioned in [her] intended role."   *Id*.

5.      The subpoena seeking to compel the attendance and testimony of a state circuit court judge should be quashed for two reasons: (1) the subpoena impermissibly seeks to inquire into the judge's evaluation of the warrant application in determining probable cause; and (2) Defendant's challenge to the competency of a circuit court judge to make a probable cause determination based on the technical difficulty of the subject matter impermissibly undermines the integrity and efficacy of the Maryland judiciary.

6.      It is well established that a judge may not be compelled to testify concerning any aspect of her judicial decision making process including her mental processes and the reasons that motivated her in carrying out her official duties.   *See, e.g., United States v. Morgan*, 313 U.S. 409, 422 (1941) (just as judge could not be compelled to testify as to the facts underlying his decision neither can an administrator) (citing *Fayerweather v. Ritch*, 195 U.S. 276, 306 (1904)); *Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir. 1993) (attempts to probe the decision making process of a judge or administrator are improper); *United States v. Roebuck*, 271 F. Supp. 2d 712, 726 (D.V.I. 2003) (quashing subpoena seeking to compel judge to testify as to the facts underlying his determination to recuse himself, his decision to issue an opinion, and the quashing of subpoenas on the law clerks as these "factual" inquiries go to his mental processes); *Robinson v. Commissioner of Internal Revenue*, 70 F.3d 34, 38 (5th Cir. 1995) (quashing subpoena to compel judge to testify about mental process in reaching a judicial opinion); *State v. Sims*, 725 N.W.2d 175 (Neb.

3

2006) (trial judge could not be compelled to testify at a post-conviction hearing because the evidence could be obtained through other sources). "The law is clear that 'a judge is not required to explain any of his decisions nor to divulge reasons which may have motivated his actions or opinion.'"   *Roebuck*, 271 F. Supp.2d at 721 (citation omitted).

7.     This Court previously has quashed a subpoena seeking the deposition testimony of a magistrate judge concerning the issuance of a search warrant.   *Beam v. Dept. of Air Force*, 69 F.R.D. 309, 311 (D. Md. 1996) (quashing subpoena requiring testimony regarding the "decision to issue a seizure warrant").

8.     "[O]nly in the most extraordinary cases, such as a strong showing of bad faith or improper behavior by a judge or quasi-judicial officer or where circumstances were such to overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matters within the scope of [her] adjudicative duties." *Roebuck*, 271 F. Supp. 2d at 718 (citations omitted). Here, Defendant has neither alleged bad faith nor improper behavior by Judge Cavanaugh.

9.     Nor has Defendant alleged circumstances sufficient to overcome the presumption that a judicial officer acted properly in considering the matter before her. Judges "are assumed to be men [and women] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." *Morgan*, 313 U.S. at 421.   *See also* Md. Rule 18-102.5(a) (Maryland Code of Judicial Conduct) ("A judge shall perform judicial and administrative duties competently, diligently, promptly, and without favoritism or nepotism.")

10.     To the extent that Defendant challenges the sufficiency of the warrant application and affidavit, that inquiry necessarily must focus on the four corners of the document, and not Judge Cavanaugh's prior or judicially-acquired knowledge of peer-to-peer networks or *Freenet*.

11.     The 22-page application and affidavit speaks for itself and is the best evidence of whether sufficient information was placed before Judge Cavanaugh for her to determine probable cause.   *See Illinois v. Gates,* 462 U.S. 213, 236 (1983) ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause.")   Judicial testimony cannot be used to explain, defeat, enlarge or limit the plain language of the application and affidavit.   Judge Cavanaugh's testimony, therefore, is both unwarranted and irrelevant.

12.     Further, to the extent that Defendant contends that Judge Cavanaugh lacked the technical expertise to determine probable cause, and, therefore, that the good faith exception articulated in *United States v. Leon*, 468 U.S. 897, 920 (1984), does not apply, his claim founders on three bases.   (ECF 44 at 15, 17.)   For the reasons set forth below, any testimony by Judge Cavanaugh concerning her technical expertise or knowledge is unavailing and unnecessary, and impermissibly invades her deliberative process.

13.     First, a thorough search has failed to disclose any case law requiring a judge to possess specific technical, scientific or computer expertise or knowledge in order to determine probable cause.   Any inquiry into a judge's pre-existing or judicially-acquired knowledge is not required by law, and, therefore, unwarranted.

5

14.     Second, in issuing warrants, a magistrate must "perform [her] neutral and detached function" as a judicial officer "and not serve merely as a rubber stamp for the police."  *Id.,* 468 U.S. at 914.   Law enforcement officers, therefore, cannot reasonably rely on a warrant issued by a magistrate who "wholly abandoned [her] judicial role in the manner condemned in *Lo–Ji Sales, Inc. v. New York,* 442 U.S. 319 (1979)." *Id.* at 923.

In *Lo-Ji Sales*, the justice "allowed himself to become a member, if not the leader, of the search party which was essentially a police operation." *Id.* at 327.   He ceased to act "as a judicial officer" and assumed the role of "an adjunct law enforcement officer." *Id.* Here, there are simply no allegations that Judge Cavanaugh performed her judicial duties in a way that was not "neutral and detached" or that she ceased to function as a judicial officer and instead became "an adjunct law enforcement officer."

14.     Third, the allegation that Judge Cavanaugh improperly relied on conclusory statements by Detective Rees, and therefore, merely "rubber stamped" the police request for a warrant, rests on a mistaken reading of the law.   (ECF 44 at 16-17.)   Warrant-issuing judges are entitled to give credence to the expertise and experience of law enforcement. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (stating that the totality of the circumstances approach "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person")); *United States v. Fauntleroy*, 800 F.Supp. 2d 676, 686 (D. Md. 2011) ("The issuing judge is entitled to rely on the affiant's training and experience on the issue of whether those involved in certain types of

illegality customarily store evidence in their home.").   Where, as here, the application
contained ample background information, and an explanation of the methods used to obtain
Defendant's IP address, Judge Cavanaugh could reasonably comprehend the application
and affidavit, and make a probable cause determination.

15.   Defendant's effort to go behind the plain language of the application and the
warrant by seeking Judge Cavanaugh's testimony must be rejected by this Court.   "Should
a judge be vulnerable to subpoena as to the basis of every action taken by [her], the
judiciary would be open to "frivolous attacks upon its dignity and integrity, and . . .
interruption of its ordinary and proper functioning." *United States v. Dowdy*, 440 F. Supp.
894, 896 (W.D. Va. 1977) (citing *U. S. v. Valenti*, 120 F.Supp. 80 (D.N.J. 1954)).   *See
Morgan,* 313 U.S. at 422 (noting that an examination into a judge's reason for an opinion
"would be destructive of judicial responsibility").

16.   This subpoena well illustrates the detrimental impact and erosion of the
intergrity of the court when a judicial officer's competence to perform a routine judicial
function – such as issue a warrant – is challenged and the officer is directed to testify
concerning her technical, scientific and computer knowledge.   *See e.g., Parker v. State*,
337 Md. 271, 287 (1995) ("In issuing the warrant, Judge Brown was performing a judicial
act.").

17.   Such inquiry impermissibly invades the judicial deliberative process, and
compromises the integrity and efficacy of the Maryland judiciary.

WHEREFORE, the Honorable Colleen Cavanaugh, Associate Judge of the Circuit Court for Baltimore County, respectfully requests that this Court quash the subpoena commanding her attendance and testimony on August 30, 2017, and issue a protective order prohibiting her testimony.   A proposed Order is attached.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/Michele J. McDonald
MICHELE J. MCDONALD
Assistant Attorney General
Federal Bar No. 23603
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–6576   (telephone)
(410) 576–6393   (facsimile)
mmcdonald@oag.state.md.us

*Attorneys for the Honorable*
*Colleen Cavanaugh*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of August, 2017 a copy of the foregoing Motion to Quash and for Protective Order, Exhibits and Proposed Order were served by electronic means via the Court's Case Management/Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice**.**

/s/Michele J. McDonald
MICHELE J. MCDONALD
Assistant Attorney General
