UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO:  JFM-16-0469 |
| MARTIN HALL | |

**GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY OF ISSUING JUDGE**

The United States of America moves this Court to preclude the defense from calling the Circuit Court Judge who issued the search warrant in this case at the hearing on the defendant's motion to suppress evidence.   In support of the motion to preclude, the government states as follows:

1. On September 1, 2016, the Honorable Colleen Cavanaugh, associate judge of the Circuit Court for Baltimore County, authorized a search warrant presented to her regarding the defendant's residence.

2. On September 7, 2016, investigators executed the court-authorized search of the defendant's residence pursuant to which electronic devices were seized.

3. On May 9, 2016, a federal Grand Jury returned a superseding indictment charging the defendant with various offenses arising in large part from the evidence seized during the search warrant.

4. On May 9, 2016, Hall filed the instant motion to suppress evidence obtained as a result of the execution of a state search warrant at his residence.  *See* ECF No. 44.

5. The defendant's motion seeks suppression on three grounds:  1)  that the government's undercover investigation into the defendant's child pornography activities on a peer-to-peer file sharing network was a warrantless search; 2) that the undercover investigation

1

constituted a violation of the Electronic Communications Privacy Act and the Wiretap Act; and 3) that the affidavit in support of the search warrant did not establish probable cause.

6. The defendant served a subpoena on Judge Cavanaugh, to appear and testify at the motions hearing on August 30, 2017.

7. Upon information and belief,[1] the defense seeks to call Judge Cavanaugh regarding the judge's finding of probable to issue the search warrant. Presumably, the defense will seek to inquire as to Judge Cavanaugh's education, experience, and mental processes at the time of the issuance of the warrant.

For the following reasons, the calling of the issuing judge as a witness in a motions hearing is improper and not relevant to the issues before this Court.

**A. The Issuing Judge Cannot Be Compelled to Testify at a Motions Hearing:**

1. Case Law Prohibits Judicial Testimony in this Context

The overwhelming authority from the federal courts in this country, including the United States Supreme Court, makes it clear that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties. *United States v. Roth*, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004), *aff'd sub nom. United States v. St. John*, 267 F. App'x 17 (2d Cir. 2008), *see e.g. United States v. Morgan,* 313 U.S. 409, 422 (1941); *Fayerweather v. Ritch,* 195 U.S. 276 (1904); *Grant v. Shalala,* 989 F.2d 1332, 1344–45 (3d Cir. 1993); *Robinson v. Commissioner of Internal Revenue,* 70 F.3d 34, 38 (5th Cir. 1995). "Judges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the

---

[1] When the government learned that Judge Cavanaugh had been served with a summons to appear at the motions hearing, undersigned counsel contacted defense counsel by email, requesting a proffer of evidence. As of the time of the filing of this motion to preclude, the defense counsel has not provided the government with a proffer of evidence.

decision may not be probed." *United States v. Cross,* 516 F. Supp. 700, 707 (M.D. Ga. 1981), *aff'd,* 742 F.2d 1279 (11th Cir. 1984); *United States v. Matthews*, 68 M.J. 29, 39–40 (C.A.A.F. 2009). In *Morgan,* the Supreme Court stated that allowing an examination of a judge's mental processes would be "destructive of judicial responsibility" and such scrutiny cannot be permitted. *Morgan,* 313 U.S. at 422.

    2. The Federal Rules and Judicial Canons Prohibit Judicial Testimony in Other Contexts

Both the Federal Rules of Evidence and the Code of Judicial Conduct proscribe judicial testimony in certain situations. Federal Rule of Evidence 605, "Competency of Judge as Witness", provides that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." Additionally, Canon 2 of the Code of Judicial Conduct provides, in relevant part, that: "[a] judge... should not lend the prestige of his office to advance the private interests of others[.] He should not testify voluntarily as a character witness." The accompanying commentary to Canon 2 states that, "the testimony of a judge as a character witness injects the prestige of his office into the proceeding in which he testifies and may be misunderstood to be an official testimonial." Although the facts of this case present a slightly different context than that contemplated by either Federal Rule of Evidence 605 or Canon 2, they reflect a presumption against judicial testimony, which presumption warrants heightened scrutiny when a party seeks to require a judge to testify.

**B. The Testimony of the Issuing Judge Is Not Relevant**

Even without the clear prohibition of the testimony of judicial testimony, the testimony of the issuing judge has absolutely no relevance to the issue before this Court. The initial issue before this Court is whether the four corners of the search warrant affidavit provided substantial evidence to support the judge's decision to issue the warrant. "When reviewing the probable

cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1992) (citing *Blackwood*, 913 F.2d at 142).

The defendant alleges the magistrate acted as a rubber stamp by arguing that she authorized a warrant that was not supported by probable cause and as such, the defendant wants to call the magistrate to testify. The defendant's shoehorned arguments relating to "rubber stamp" are simply inapposite. The defense will concede, one presumes, that this Court need not consider any of the *Leon* good faith exceptions, unless the Court finds probable cause lacking – which is done by looking *only* at the four corners of the search warrant. Since the affidavit had more than sufficient probable cause to support the issuance of the warrant, consideration of *Leon* is secondary.

Even if this Court were to determine that the affidavit was not supported by probable cause, the testimony of the issuing judge would still be improper and irrelevant. In *United States v. Wellman*, 663 F. 3d 224 (4th Cir. 2011), the Fourth Circuit rejected the defendant's attempt to review an affidavit with insufficient information under the second *Leon* exception (when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police), and instead held that this scenario "is best analyzed under the third *Leon* exception …. whether the warrant application was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Wellman*, 663 F.3d 224, 229 (4th Cir. 2011). That review can be done, as it always is, by an examination of the affidavit itself. As such, the defense should be precluded from calling the magistrate as a witness in this hearing as the defendant is alleging the warrant lacked probable cause and that is analyzed not under exception two pertaining to a "rubber stamp" but under

exception three pertaining to a warrant so lacking in an indicia of probable cause. Thus, the testimony of the issuing magistrate is completely irrelevant.

## **Conclusion**

The government therefore requests that the Court issue an order precluding the testimony of the judge of the Circuit Court who issued the search warrant.

>
> Respectfully submitted,
>
> Stephen M. Schenning
> Acting United States Attorney
>
> /ss/
> By: _____
> Paul E. Budlow
> Assistant United States Attorney
> Kaylynn Shoop
> Trial Attorney, Criminal Division

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of August, 2017, that a copy of the foregoing GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY OF ISSUING JUDGE was served electronically through the Clerk of the United States District Court using CM/ECF, to counsel of record.

/s/
_____
Paul E. Budlow
Assistant United States Attorney