## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:  JFM-16-0469** |
| **MARTIN ROBERT HALL,** | |
| **Defendant.** | |

### JOINT STATUS REPORT AND CONSENT MOTION
### TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

The United States of America, by its undersigned counsel, hereby moves this Court for an Order concerning the Speedy Trial Act status in this case, specifically to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that time necessary for plea negotiations is a proceeding within the contemplation of the Speedy Trial Act, and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the defendant in a speedy trial. In support of this motion, the government states as follows:

1.      On September 20, 2016, a federal grand jury returned an Indictment in the above-captioned matter, charging the defendant with Transportation of Child Pornography in violation of 18 U.S.C. § 2252(a)(1) and  Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2).

2.      On October 14, 2016, the defendant had his initial appearance and arraignment on the indictment.

3.      The parties have signed a discovery agreement, and the discovery process has begun.  Based on the nature of the charges and images that are the subject of this prosecution,

counsel for the defense will need to schedule a date and time to review the evidence that was seized from the defendant's residence during a search warrant.

4.     On December 15, 2016, following a conference call with the Court's chambers, the parties filed a status report indicating that counsel for both parties were continuing to work in good faith to negotiate a pretrial resolution, and that the parties anticipate the filing and litigating of suppression motions, and that additional time was necessary in light of recently completed forensic examinations and anticipated case related travel by the defense.  The parties requested additional time and asked the Court for permission to file a status report by January 30, 2017.  The Court subsequently issued an order excluding the time between October 14, 2016 and January 30, 2017 from the Speedy Trial Act calculation.  On February 15, 2017, the Court granted the parties' joint request to file a status report on March 15, 2017, and issued an order excluding time through March 15, 2017.  In March 2017, defense counsel traveled to Baltimore to attend an evidence review at the U.S. Attorney's Office.

5.     On March 13, 2017, during a conference call with chambers, the court scheduled a motions hearing on the defendant's motions to suppress for July 21, 2017.  On March 24, 2017, the Court issued an order excluding time through July 21, 2017.

6.     On May 9, 2017, the a federal grand jury returned an Indictment in the above-captioned matter, charging the defendant with Transportation of Child Pornography in violation of 18 U.S.C. § 2252(a)(1), Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2), Production of Child Pornography With Intent to Transport to the United States, in violation of 18 U.S.C. § 2251(c), (2)(A); Production of Child Pornography Transported to the United States, in violation of 18 U.S.C. § 2251(c)(1), (2)(B),  and Sex Tourism, in violation of 18 U.S.C. § 2423(c).  The defendand had his intial appearance on the Superseding Indictment

on May 11, 2017.

7.     The motions hearing was held August 30, 2017, and the Court ruled on all pending motions.

8.     On September 22, 2017, during a conference call with the Court, the parties requested a trial date.  The first date available for the defense was March 5, 2018, which was not available on the Court's calendar.  The next date the defense was available for trial was May 21, 2018, which the Court set as the trial date in this matter.

9.     Counsel for both parties represent that they continue to work in good faith to review the discovery in this case and engage in negotiations regarding a pretrial resolution of this matter.

10.    Accordingly, the parties seek a tolling of the Speedy Trial clock by the Court for a period from the date of the defendant's initial appearance, on October 14, 2016, through the date of the trial, May 21, 2018.

11.    The general rule is that the Speedy Trial clock begins to run with the return of an indictment or the first appearance of the defendant in this district, whichever date is later.  18 U.S.C. § 3161(c)(1).  Therefore, the applicable starting point for the Speedy Trial clock is May 9, 2017.   In this case however, motions were pending from the date of the first appearance on the superseding indictment through August 30, 2017, the date that the Court ruled upon all of the outstanding motions.  Thus, those dates are excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).

12.    Section 3161(h)(9) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

13.     Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this case is both unusual and complex as contemplated by the Speedy Trial Act statute. The parties respectfully submit that the interests of the defendant and of the public in a trial within the 70 non-excludable days usually set by the Speedy Trial Act are outweighed by the ends of justice served by adequate and complete trial preparation.  The ends of justice would be served by consideration of a reasonable continuance and that the grounds for a reasonable continuance outweigh the best interests of the public and the defendant in a trial within 70 days of the superseding indictment.

14.     Additionally, "delays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h)); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also*, *United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

15.     The parties respectfully submit that the interests of the defendant and of the public in a trial within the 70 non-excludable days usually set by the Speedy Trial Act are outweighed by the ends of justice served by adequate and complete trial preparation and by a possible pretrial resolution of this matter.

16.     Further, the government requests an order finding that the time from the initial appearance of the defendant on October 14, 2016, through the date of the resolution of the trial – during which the parties have conducted and will continue to conduct plea negotiations and review discovery – is automatically excluded as an "other proceeding[ ] concerning the defendant" within the meaning of 18 U.S.C. § 3161(h)(1), or, in the alternative, grant a continuance pursuant to §

4

3161(h)(7) and make a finding that the interests of justice are served by excluding that time under the Speedy Trial Act, which interests outweigh the defendant's and the public's interests in a speedy trial.

17.        A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

/s/
By: _____
Paul E. Budlow
Assistant United States Attorney

/s/
By: _____
Adam Fein
Attorney for the Defendant

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 26th day of September, 2017, that a copy of the foregoing JOINT STATUS REPORT AND CONSENT MOTION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT was electronically filed with notice to all counsel of record.

/s/
_____
Paul E. Budlow
Assistant United States Attorney