IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | Criminal No. ELH-16-0469 |
| v. | ) | |
| | ) | |
| MARTIN ROBERT HALL, | ) | |
| Defendant | ) | |

## CONSENT ORDER OF FORFEITURE
(Specific Property Only)

WHEREAS, the defendant, Martin Robert Hall, pled guilty pursuant to a written plea agreement to Counts Three and Five of the Indictment, charging him with Production of Child Pornography with Intent to Transport to the United States in violation of 18 U.S.C. § 2251(c)(1) and (c)(2)(A) and Sex Tourism, in violation of 18 U.S.C. § 2423(c), respectively.

WHEREAS, pursuant to his plea agreement as to the items a – h listed below, the defendant agreed to forfeit to the United States the following property:

a.    LI001    Dell Inspiron Desktop, s/n: 4G9JLS1;

b.    LI002    Dell Inspiron Laptop, model: N7110, s/n: GCDRZP1, black;

c.    LI003    Dell Laptop, s/n: 8LH1Q32, silver (attached to external LI004);

d.    LI004    WD My Passport External HD, s/n: WXL1E92KUJR1, made in Malaysia (plugged into Dell Laptop LI003, mounted as "W");

e.    LI005    Fantom Drive External HD, s/n: SJ0383769;

f.    LI006    Lexar 16GB flash drive;

g.    LI007    Canon EOS Rebel T2i, Serial Numbers 0923402788 and VA0840546, made in Japan, with a 32 GB PNY Professional SDHC card, made in Korea; and

        h.      LI008    Samsung Galaxy mini cell phone, IMEI: 990004374935900;

("the Subject Property"), as property used to commit or to facilitate the commission of the offense; and

        WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      Pursuant to 18 U.S.C. § 2253, 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

        2.      Upon the entry of this Order, in accordance with Fed.R.Crim.P. 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

        3.      Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

        4.      The United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov.   The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the

forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition.   *See* Fed. R. Crim. P. 32.2(b)(6).

5.      Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.      Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8.      If a petition is filed by a third party – and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) – the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues before the court holds a hearing on the petition.

9.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.    The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Paul E. Budlow, U.S. Attorney's Office, 36 South Charles Street, Baltimore, Maryland 21201.

Date: _____

_____
Ellen L. Hollander
United States District Judge

WE ASK FOR THIS:

    /s/
_____
Paul E. Budlow
Assistant United States Attorney

    /s/
_____
Marc Johnson, Esq.
Attorney for the Defendant